## SIEGERT v. EISEMAN.

### (Circuit Court, S. D. New York. October 7, 1907.)

INJUNCTION—VIOLATION—TRADE-MARKS AND TRADE-NAMES — SUIT FOR IN-
FRINGEMENT.

> The sale by a salesman of defendant of a bottle of bitters, billed as Angostura Bitters, but which were not in fact such, a short time after defendant had been enjoined from selling such bitters by that name, *held* on the showing made not to have been intentional, or, if so, not to have been made with defendant's knowledge or consent, so as to render him in contempt for violation of the injunction.

In Equity. On motion to punish for contempt.
See 154 Fed. 1006.

Arthur Furber, for the motion.
John Brooks Leavitt, opposed.

WARD, Circuit Judge. The complainant asks that the defendant be punished for contempt because of the sale of a bottle of bitters, described in the bill rendered as Angostura, in violation of the injunction of this court. The bitters were sold by a salesman, admitted for the purposes of the case to be defendant's servant. When a master is to be punished for such an act of a servant, the court should be satisfied that the master is a participant in the act. For instance, if the servant acted not only without the approval of the master, but against his orders, the master should not be punished. The affidavits satisfy me that the defendant intended honestly to obey the injunction.

There had been litigation for many years in various courts, with various results, between the complainant and C. W. Abbott & Bros., as to the right of the latter to use the word "Angostura." The Circuit Court of Appeals of this circuit decided in favor of the plaintiff in the case of Siegert v. Gandolfi, 149 Fed. 100, 79 C. C. A. 142. June 24, 1907, the injunction issued against the defendant in this case, who had been in the habit of selling both Siegert's and Abbott's Bitters, and he was served with a copy of the same July 12, 1907. The sale in question was made July 24, 1907, to one Wupperman, an agent of the plaintiffs, in presence of one Bartlett, evidently brought to be a witness of what occurred. It is admitted that the bitters delivered were

not plaintiffs' but Abbott's, which the salesman had sold for many years as Angostura Bitters.

Bartlett, in his original affidavit, verified July 20, 1907, and Wupperman, in his original affidavit, verified July 23, 1907, say that Wupperman ordered a number of articles, among others, a bottle of bitters; that the salesman asked whether he wanted Angostura and Wupperman replied "Yes." When the goods were packed Wupperman asked for a bill for the lot, and the salesman gave him a bill, describing the bitters as "1 Bitters Angostura 50¢."

J. B. Eiseman, the salesman, in his affidavit, verified September 30, 1907, denies that he asked Wupperman whether he wanted Angostura Bitters; but says that when he wrote the bill to L. Cooney, the name given him, the purchaser asked him to write the word "Angostura" after the word "Bitters," and he did so "without thinking."

Wupperman, in his replying affidavit, verified October 30, 1907, says that when the salesman wrote the words "1 Bitters," he, Wupperman, asked him, "What bitters are these, Hostetters Bitters, or what?" to which the person replied: "No, they are Angostura Bitters;" whereupon deponent rejoined: "Then put it down; I want the brand specified;" whereupon he wrote in the word "Angostura."

If it had been already agreed between the parties to the sale that the bitters were to be Angostura Bitters, this question and answer seem to have been utterly unnecessary. And if Wupperman originally asked only for bitters, there is no apparent reason why the salesman, if he intended to deliver Abbott's Bitters, should have asked Wupperman whether he wanted Angostura. It was a situation in which Wupperman, desiring to get evidence, might not have acted as naturally as an ordinary purchaser of bitters would have done.

Because I am not satisfied that the salesman intended to sell or sold the bottle of bitters as Angostura, and am satisfied that if he did so it was not with the approval, express or constructive, of the defendant, the prayer of the petitioner to punish the defendant for contempt is denied.